| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

December 27, 2018

LIFE INSURANCE COMPANY OF
NORTH AMERICA
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:   CASE NO: 18-CI-00679

COURT:  Circuit Court Clerk
        Scott County
        119 N Hamilton St.
        Georgetown, KY 40324
        Phone: (502) 863-0474

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00679**<br>Court:   **CIRCUIT**<br>County: **SCOTT** |

*Plaintiff,* **OLDING, SUSAN VS. LIFE INSURANCE COMPANY OF NORTH AMERICA,** *Defendant*

TO:   LIFE INSURANCE COMPANY OF NORTH AMERICA
       TWO LIBERTY PLACE
       1601 CHESTNUT STREET
       PHILADELPHIA, PA 19192

RECEIVED
DEC 21 2018
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Karen Boehm, Scott Circuit Clerk
Date: **10/22/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____     Served By _____

                                    Title _____

Summons ID: @00000135787
CIRCUIT: 18-CI-00679 Return to Filer for Service
OLDING, SUSAN VS. LIFE INSURANCE COMPANY OF NORTH AMERICA



Page 1 of 1

eFiled

Presiding Judge: HON. JEREMY MATTOX (614374)

COMMONWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT – DIVISION \_\_\_\_
CIVIL ACTION No. 18-CI-\_\_\_\_

SUSAN OLDING                                         PLAINTIFF

vs.                          **COMPLAINT**

LIFE INSURANCE COMPANY OF NORTH AMERICA,             DEFENDANT
d/b/a CIGNA GROUP INSURANCE

    Serve Through Kentucky Secretary of State to:

    Michael A. James
    Two Liberty Place
    1601 Chestnut Street
    Philadelphia, PA 19192-1150
    (agent for service of process)

    \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Susan Olding for her Complaint herein against defendant Life Insurance Company of North America, d/b/a Cigna Group Insurance states as follows:

I

**Nature of the Action**

1. This is an action pursuant to the Employee Retirement Income Security Act (ERISA) seeking recovery of long term disability benefits that have been and will continue to be payable to Olding, to clarify Olding's rights to future benefits and for attorney's fees, prejudgment interest, expenses and costs.

II

**Jurisdiction & Venue**

A TRUE COPY ATTEST
_____
CLERK, SCOTT CIRCUIT COURT
BY: _____ D.C.

2. This Court has subject matter jurisdiction pursuant to KRS 23A.010, because the amount in controversy exceeds the Court's jurisdictional minimum; venue is proper herein, because Olding's claims arose in Scott County, Kentucky.

## III

### Parties

3. Plaintiff Susan Olding (Olding) is a resident of Scott County, Kentucky. At all times pertinent hereto, Olding was a participant in an employee welfare/benefit plan providing for disability insurance benefits, both short-term and long-term, through her employment at Cardinal Hill Hospital.

4. Defendant Life Insurance Company of North America, d/b/a Cigna Group Insurance (hereinafter referred to as "LINA") is a Pennsylvania domiciliary and has represented in its dealings with Olding that it does business a Cigna Group Insurance. LINA's agent for service of process is Michael A. James, Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211 and can be served through the Kentucky Secretary of State.

## IV

### Facts Giving Rise to the Lawsuit

5. Olding was employed by Cardinal Hill Hospital working most recently as a certified nursing assistant (CNA).

6. LINA supplied and issued a police of insurance to Cardinal Hill through which Olding obtained short and long-term disability (LTD) insurance coverage. The insurance policy number is LK0960585; the insurance company's incident number is 3629254.

7. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Olding's pre-disability earnings.

8. Benefits are payable to Olding under the LTD insurance policy, because she is disabled, as defined in the insurance policy, from performing her past occupation at Cardinal Hill and any other gainful occupation.

9. Olding, while employed by Cardinal Hill, became disabled as defined in the insurance policy on or about October 20, 2014, and remains disabled.

10. Olding was and has been unable to perform the material duties of her own occupation and any other gainful occupation since on or about October 20, 2014, as a result of injury or sickness.

11. Olding applied for LTD benefits to LINA in a timely fashion and in the manner outlined in the insurance policy.

12. Olding provided proof that she was disabled from work, and that she was unable to perform her own occupation and any other occupation.

13. LINA directed Olding to apply for Social Security disability benefits and referred her to a lawyer to represent her with respect to that claim.

14. On or about October 31, 2017, the Social Security Administration approved Olding's claim for Social Security disability benefits, finding that she was disabled as of October 20, 2014.

15. Although Olding was paid STD benefits by LINA, LINA denied Olding's claim for LTD benefits by letter dated January 19, 2017.

16. Olding subsequently appealed LINA's denial of her claim for LTD benefits, the final appeal being denied by letter dated March 7, 2018.

17. The March 7, 2018, letter stated that Olding has "the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

18. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

19. Olding has exhausted any administrative remedies that may be required under the insurance policy and/or by law.

20. Olding is entitled to monthly LTD benefits under the insurance policy until the maximum benefit duration date in the policy.

21. Olding is entitled to LTD benefits and LINA should be required to perform its contract and pay benefits to Plaintiff.

## VI

### Causes of Action

### Count 1 – For Payment of Long-Term Disability Benefits

22. Olding incorporates herein the foregoing paragraphs as if fully set forth.

23. This count is brought under ERISA pursuant to 29 U.S.C. § 1132 (a)(1)(B) as a result of LINA's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

24. LINA's denial of and refusal to pay LTD benefits to Olding, despite the additional evidence presented to it on appeal and the decision of the Social Security Administration, was wrong, arbitrary and capricious, against the evidence provided to LINA and a breach of fiduciary duty, all of which entitles Olding to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

25. LINA's internal review is not subject to abuse of discretion review, and Olding's claim should be reviewed *de novo*.

## VI
## Demand for Relief

WHEREFORE, plaintiff Susan Olding requests that the Court grant her the following relief against defendants:

(1) judgment against defendant in the amount for past due benefits, plus interest;

(2) an Order clarifying that she is entitled to future benefits for as long as she remains disabled under the Plan;

(3) her costs and attorney's fees; and,

5

(4) all other relief to which he is entitled.

Respectfully submitted,

/s/ Robert L. Abell
ROBERT L. ABELL
120 North Upper Street
Lexington, KY 40507
(859) 254-7076 (office)
e-mail: Robert@RobertAbellLaw.com
COUNSEL FOR PLAINTIFF

6

Filed 18-CI-00679 10/22/2018 Karen Boehm, Scott Circuit Clerk

Presiding Judge: HON. JEREMY MATTOX (614374)
COM : 000006 of 000006
354F637A-D84B-45F9-9F23-E904E49A60FF : 000006 of 000009

7018 0680 0000 4250 8456



ALISON LUNDERGAN GRIMES
SECRETARY OF STATE

P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ *REGISTER TO VOTE*

LIFE INSURANCE COMPANY OF
NORTH AMERICA
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192